IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER SCOTT ROHAN,

    Plaintiff,

vs.                               Case No. 19-3068-SAC

SALINE COUNTY JAIL and JAMIE LNU,

    Defendants.

**O R D E R**

This case is before the court to screen plaintiff's pro se complaint pursuant to 28 U.S.C. §§ 1915 and 1915A.

I. Pro se standards

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A pro se litigant, however, is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992), cert. denied, 507 U.S. 940 (1993). A district court should not "assume the role of advocate for the pro se litigant." Hall, supra. Nor is the court to "supply additional factual allegations to round out a plaintiff's complaint." Whitney v. State of New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

II. <u>Screening standards</u>

Title 28 United State Code Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. The court is authorized to make the same review in cases brought in forma pauperis. 28 U.S.C. § 1915(e)(2)(B). Here plaintiff has pending a motion for leave to proceed in forma pauperis. Doc. No. 2.

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)(quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

<u>Id.</u> A plausibility analysis is a context-specific task depending on a host of considerations, including judicial experience, common sense and the strength of competing explanations for the defendant's conduct. See <u>id.</u> at 679; <u>Twombly</u>, 550 U.S. at 567.

The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009). The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim. Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555). A complaint alleging that several defendants violated § 1983 must plainly allege exactly who, among the many defendants named, did what to plaintiff, with enough detail to provide each individual with fair notice as to the basis of the claims against him or her. See Robbins v. Okla. ex rel. Dep't of Human Servs., 519 F.3d 1242, 1248-1250 (10th Cir. 2008).

III. The complaint

Plaintiff alleges that he suffered dog bites to his hand and leg during his arrest on March 7, 2019. He claims that the bites became infected and that, while incarcerated, he did not receive proper treatment or antibiotics for 8 days. He further claims that he has not received an x-ray for his hand, although it is still "messed up."

Plaintiff's complaint is written on a form for bringing an action under 42 U.S.C. § 1983. Plaintiff describes his claims as

"medical malpractice" and "unprofessional misconduct." He names the Saline County Jail and "medical staff"/Jamie LNU, a nurse practitioner, as "defendants" (Doc. No. 1, pp. 1-2), although only the Saline County Jail and "medical personnel" are listed as defendants in the caption of the complaint. Partial names of other persons at the Saline County Jail are mentioned at page 3 of the complaint. But, these persons are not listed as "defendants" on pp. 1-2 of the form or in the caption of the complaint. Rule 10(a) of the Federal Rules of Civil Procedure requires that the caption of a complaint contain the name of all parties. Giving the complaint a liberal construction, the court shall only consider "Jamie LNU" and the Saline County Jail as defendants.

IV. Screening

The court construes plaintiff's complaint as raising a federal law claim under § 1983 and a state law claim for negligence. A claim may be raised under § 1983 when a plaintiff alleges facts which plausibly show "the violation of a right secured by the Constitution and laws of the United States, and . . . that the alleged deprivation was committed by a person acting under color of state law." Bruner v. Baker, 506 F.3d 1021, 1025–26 (10th Cir. 2007) (internal quotation marks omitted). A pretrial detainee or a prisoner serving a sentence may demonstrate a violation of the Constitution by alleging facts showing deliberate indifference to his serious medical needs. See Estelle v. Gamble,

4

429 U.S. 97, 104 (1976)(discussing Eighth Amendment standard applied to prisoners serving a sentence); Lopez v. LeMaster, 172 F.3d 756, 764 (10th Cir. 1999)(applying standard for prisoners to claims by pretrial detainees). Mere negligence is insufficient to establish deliberate indifference to serious medical needs. Perkins v. Kan. Dep't of Corrections, 165 F.3d 803, 811 (10th Cir. 1999).

A plaintiff bringing a negligence action, such as a medical malpractice claim, must prove four elements: a duty owed to the plaintiff, breach of that duty, the breach of the duty was the cause of the injury to the plaintiff, and damages suffered by the plaintiff. Shirley v. Glass, 308 P.3d 1, 6 (Kan. 2013).

Under K.S.A. 19-105, all suits by or against a county shall be brought by or against the board of county commissioners. This court has held that a governmental subunit such as a county jail, which does not have the authority to sue or be sued, is not a "person" that may be sued for violations of § 1983. See Gray v. Kufahl, 2016 WL 4613394 *4 (D.Kan. 9/6/2016)(Lyon County Detention Center is not a suable entity); Baker v. Sedgwick County Jail, 2012 WL 5289677 *2 n.3 (D.Kan. 10/24/2012)(Sedgwick County Jail is not a suable entity under § 1983); Chubb v. Sedgwick County Jail, 2009 WL 634711 *1 (D.Kan. 3/11/2009)(same); Howard v. Douglas County Jail, 2009 WL 1504733 *3 (D.Kan. 5/28/2009)(Douglas County Jail is not a "person" subject to suit under § 1983). The court

applies the same rule to plaintiff's state law claims. Therefore, the Saline County Jail shall be dismissed as a defendant.

The court will not allow a claim to proceed against "medical staff" or "medical personnel." As the court has already stated, to give fair notice of his claim, plaintiff must make allegations which give fair notice of who did what to whom. If there are other persons or entities plaintiff wishes to name as defendants, then plaintiff should file an amended complaint. All defendants should be listed in the caption of the amended complaint. Unknown defendants (identified as "John Doe" or "Jane Doe") may be included in a complaint (with a description of what each "John Doe" or "Jane Doe" did) when the identities of the alleged defendants are not known prior to the filing of the complaint, but may be identified through discovery. Plaintiff is ultimately responsible for determining the identity of John Doe or Jane Doe defendants and thereupon requesting the court to issue a summons and direct service upon them.

V. Conclusion

The court directs that defendant Saline County Jail be dismissed. The court further directs that the Clerk of the Court prepare waiver of service forms pursuant to Rule 4(d) of the Federal Rules of Civil Procedure to be served upon Jamie LNU. Plaintiff has the primary responsibility to provide sufficient name and address information for the waiver of service forms or

for the service of summons and complaint upon a defendant. See Nichols v. Schmidling, 2012 WL 10350 *1 (D. Kan. 1/3/2012); Leek v. Thomas, 2009 WL 2876352 *1 (D. Kan. 9/2/2009). So, plaintiff is warned that if waiver of service forms or summons cannot be served because of the lack of name and address information, and correct address information is not supplied to the Clerk of the Court, ultimately the unserved parties may be dismissed from this action. See FED.R.CIV.P. 4(m).

**IT IS SO ORDERED.**

Dated this 30th day of April, 2019, at Topeka, Kansas.

s/Sam A. Crow _____
Sam A. Crow, U.S. District Senior Judge