IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER SCOTT ROHAN,

    Plaintiff,

vs.                                    Case No. 19-3068-SAC

MICHAEL SUTTON, et al.,

    Defendants.

**O R D E R**

This case is before the court to screen plaintiff's <u>pro se</u> amended complaint pursuant to 28 U.S.C. §§ 1915 and 1915A. The court applies the standards discussed in the court's prior screening order in this case. Doc. No. 4, pp. 1-3.

I. <u>The amended complaint</u>

The amended complaint names the following defendants: Michael Sutton; Tina Miller; Sarah Shaft; David Wallace; Lou Miller; Jamie Nutz;[1] Austin Baker; and Maggie K-9. Plaintiff alleges that, as he was attempting to surrender to law enforcement authorities, defendant Baker ordered a police dog ("Maggie K-9") to "chew" plaintiff and allowed the dog to bite plaintiff for 60 to 90 seconds while plaintiff pleaded to have the dog relent. Plaintiff alleges dog bites to the foot, thigh, hand and arm. Plaintiff claims that needed x-rays were denied by a nurse

---

[1] This name is spelled "Notz" on p. 6 of the amended complaint. The court is not sure of the correct spelling.

1

practitioner, defendant Lou Miller. He further claims that doctor-prescribed antibiotics were denied for eight days by Saline County Sheriff's Office members David Wallace, Michael Sutton, Sarah Shaft and Jamie Nutz. He claims that this, and the denial of his requests to take a shower, caused plaintiff to develop infection in his wounds which has resulted in pain and disability.

II. Screening

Title 42 U.S.C. § 1983 permits an injured person to seek damages against an individual who has violated his or her federal rights while acting under color of state law. Cillo v. City of Greenwood Village, 739 F.3d 451, 459 (10th Cir. 2013). Plaintiff does not allege facts showing that defendant Lou Miller, a nurse practitioner, was a person who could be considered as acting on behalf of a state governmental authority. Plaintiff also does not allege facts showing that defendant Lou Miller participated in the violation of constitutional rights. As a pretrial detainee, plaintiff has a constitutional right to have his serious medical needs attended to without deliberate indifference. See Estate of Booker v. Gomez, 745 F.3d 405, 429 (10th Cir. 2014). The court believes that the denial of doctor-prescribed antibiotics for dog bites states a plausible claim for a constitutional violation. See Cadwallader v. Devlin, 155 F.Supp.3d 175, 187 (N.D.N.Y. 2016). But, plaintiff does not allege facts plausibly showing that the denial of x-rays amounted to reckless or intentional indifference

2

to a serious medical need.  See Estelle v. Gamble, 429 U.S. 97, 107 (1976)(denial of x-ray only a matter of medical judgment); Lamar v. Boyd, 508 Fed.Appx. 711, 714 (10th Cir. 2013)(refusal of request for an x-ray is at most negligent, not deliberately indifferent); El'Amin v. Pearce, 750 F.2d 829, 832-33 (10th Cir. 1984)(same).

Plaintiff also does not allege facts showing that the failure to take x-rays was a breach of duty to provide reasonable care or a cause of injury to plaintiff, as is necessary to bring a negligence claim under state law.  See Shirley v. Glass, 308 P.3d 1, 6 (Kan. 2013).

Finally, plaintiff does not allege facts describing defendant Tina Miller's actions to cause a constitutional violation or an injury to plaintiff.[2]  As the court stated in the prior screening order, a complaint alleging that several defendants violated § 1983 must plainly allege exactly who, among the many defendants named, did what to plaintiff, with enough detail to provide each individual with fair notice as to the basis of the claims against him or her.  See Robbins v. Okla. ex rel. Dep't of Human Servs., 519 F.3d 1242, 1248-1250 (10th Cir. 2008).  Also, plaintiff may not bring a claim against a dog.  See Jones v. Fransen, 857 F.3d

---

[2] In Doc. No. 10, plaintiff mentions Kaitlyn Carter as a person who should be served with summons.  But, Carter is not mentioned in the amended complaint and so there are no grounds to serve summons or a waiver of summons on Carter.

3

843, 857-58 (11th Cir. 2017)(dismissing negligence claim – under Georgia law – against a police dog because a dog is not a "person").

III. Conclusion

The court directs that the Clerk of the Court prepare waiver of service forms pursuant to Rule 4(d) of the Federal Rules of Civil Procedure to be served upon Michael Sutton; Sarah Shaft; David Wallace; Jamie Notz; and Austin Baker. Plaintiff has the primary responsibility to provide sufficient name and address information for the waiver of service forms or for the service of summons and complaint upon a defendant. See Nichols v. Schmidling, 2012 WL 10350 *1 (D. Kan. 1/3/2012); Leek v. Thomas, 2009 WL 2876352 *1 (D. Kan. 9/2/2009). So, plaintiff is warned that if waiver of service forms or summons cannot be served because of the lack of name and address information, and correct address information is not supplied to the Clerk of the Court, ultimately the unserved parties may be dismissed from this action. See FED.R.CIV.P. 4(m).

The court shall dismiss defendants Lou Miller and Tina Miller from this case unless plaintiff shows cause by June 11, 2019 why he has stated a claim against these defendants or files a second amended complaint by June 11, 2019 which states a plausible claim against them. Maggie K-9 shall be dismissed.

**IT IS SO ORDERED.**

Dated this 21st day of May, 2019, at Topeka, Kansas.


s/Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge