IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER SCOTT ROHAN,

    **Plaintiff,**

v.

SALINE COUNTY JAIL, et al.,

    **Defendants.**

Case No. 5:19-cv-03068-HLT

## MEMORANDUM AND ORDER

In this case, Plaintiff Christopher Scott Rohan, proceeding pro se, alleges excessive force and deliberate indifference claims against law enforcement and medical personnel in violation of his Eighth and Fourteenth Amendment rights. Plaintiff's claims stem from injuries sustained during his arrest on March 7, 2019, and the subsequent treatment of those injuries. Six of the seven remaining defendants to this case—Jamie Nutz, Lou Miller, Michael Sutton, Sarah Shaft, David Wallace, and Tina Miller—seek dismissal of Plaintiff's claims against them.[1] There are two motions pending before the Court: (1) the Rule 12(c) motion for judgment on the pleadings filed by Defendants Nutz and Lou Miller[2] (Doc. 29); and (2) the Rule 12(b)(6) motion to dismiss filed by Defendants Sutton, Shaft, Wallace, and Tina Miller (Doc. 33). Although the procedural posture of the two motions is different, the principal argument is the same: Defendants allege that Plaintiff fails to state a claim against them. For the following reasons, the Court agrees.

---

[1] The only remaining defendant not a party to either of the pending motions is Officer Austin Baker, who filed an answer to the complaint. Doc. 31. Even though Officer Baker is still in the case, for ease of reference, the Court collectively refers to the six defendants who have moved for dismissal or judgment here simply as "Defendants."

[2] Because there are two defendants with the last name "Miller," the Court refers to these defendants—Lou Miller and Tina Miller—by their full names.

**I.      BACKGROUND**[3]

On March 7, 2019, in an effort to evade law enforcement, Plaintiff attempted to hide in the trunk of a vehicle. Doc. 13 at 2. After Officer Austin Baker arrived on the scene with his police dog, Maggie, Plaintiff alleges he verbally surrendered from inside the trunk. *Id.* Plaintiff then proceeded to open the trunk, but, as he was attempting to surrender, Plaintiff alleges Officer Baker ordered Maggie to attack. *Id.* Plaintiff suffered multiple bite wounds to his right foot, thigh, arm, and hand. *Id.*

Plaintiff was subsequently taken to the Salina Regional Hospital, where he received "minor treatment" for his injuries. *Id.* But Plaintiff alleges that, when he was ultimately released into the custody of the Saline County Jail ("SCJ"), he still had open wounds and was "covered in dog slobber." *Id.* While at SCJ, Plaintiff claims he was "denied antibiotics and [a] shower" by multiple members of the SCJ staff: specifically, Defendants Nutz, Shaft, Wallace, Sutton, Lou Miller, and Tina Miller. *Id.* Plaintiff alleges he was allowed to shower four days after his arrest. *Id.* But Plaintiff claims that, when he continued to ask for antibiotics, the above-identified SCJ staff claimed they had "to order" or "go get" the medication even though, as Plaintiff alleges, a doctor had already placed an order for the medication several days earlier. *Id.* Plaintiff ultimately received the requested antibiotics on March 13, 2019. *Id.* at 2-3.

Plaintiff claims the purported lack of antibiotics, coupled with the denial of his requests for a shower, caused him to develop an infection in his wounds, which has resulted in pain and disability. *Id.* Plaintiff also claims that, while at SCJ, he repeatedly asked for an MRI of his right arm. *Id.* at 3. However, Plaintiff alleges Lou Miller told him "there's nothing we can do." *Id.*

---

[3]   The following background is based on the pleadings, and, for purposes of the pending motions, the Court accepts as true Plaintiff's well-pleaded factual allegations.

Approximately two months later, on May 8, 2019, Plaintiff claims he again asked Lou Miller about an MRI. *Id.* But Plaintiff claims Lou Miller again denied his request, telling him to "just let [the] prison handle it," despite observing that Plaintiff had "lost feeling in [his] right thumb." *Id.*

Based on these allegations, Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging his Eighth and Fourteenth Amendment rights were violated as a result of "deliberate indifference" and "excessive force." *Id.*

## II. STANDARD

As set forth above, six of the seven remaining defendants have filed motions asserting Plaintiff's claims are legally deficient. Docs. 29, 33. Defendants Sutton, Shaft, Wallace, and Tina Miller move pursuant to Rule 12(b)(6), arguing Plaintiff fails to state a claim upon which relief can be granted. Defendants Nutz and Lou Miller also argue Plaintiff fails to state a claim, but bring their motion pursuant to Rule 12(c), rather than Rule 12(b)(6), because they have already filed an answer. *See Arnold v. City of Olathe, Kan.*, 2019 WL 4305132, at *3 (D. Kan. 2019) (noting that Rule 12(h)(2) allows the court to consider a defense of failure to state a claim within a Rule 12(c) motion for judgment on the pleadings). A motion for judgment on the pleadings under Rule 12(c), however, is essentially the same as a motion to dismiss under Rule 12(b)(6)—the distinction between the two rules is "purely one of procedural formality." *Id.* Therefore, courts evaluate a Rule 12(c) motion under the same standard used to analyze a Rule 12(b)(6) motion. *Id.*

The court will dismiss a cause of action pursuant to Rule 12(b)(6) under two circumstances. First, dismissal is warranted where an issue of law precludes recovery. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). Second, dismissal is likewise appropriate where the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if its factual allegations allow the court to draw the

reasonable inference that the opposing party is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court must accept well-pleaded factual allegations as true, this obligation does not extend to legal conclusions or to "threadbare recitals of the elements of the cause of action." *Id.* at 678-79. Complaints drafted by pro se litigants, however, are held to a less stringent standard than those drafted by legal counsel and will only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts supporting the claim for relief. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Nevertheless, it is not the proper function of the courts to assume the role of advocate for a pro se litigant. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court examines Plaintiff's claims with these criteria in mind.

## III. ANALYSIS

### A. Failure to Oppose Defendants' Motions

Before addressing the merits of the arguments raised in Defendants' motions, the Court first addresses Plaintiff's failure to respond to those motions. Defendants Nutz and Lou Miller filed their Rule 12(c) motion for judgment on the pleadings on July 10, 2019, and Defendants Sutton, Shaft, Wallace, and Tina Miller followed suit with their Rule 12(b)(6) motion to dismiss on July 22, 2019. Docs. 29, 33. Plaintiff did not timely respond to either motion. *See* D. KAN. R. 6.1(d)(2) (responses to dispositive motions must be filed and served within 21 days). Nonetheless, recognizing Plaintiff's pro se status and the fact that he had recently been transferred to a different facility, the Court extended Plaintiff's deadline for response to September 12, 2019.[4] Doc. 35. But the Court advised Plaintiff that failure to respond to the pending motions could result in the Court

---

[4] As stated in its order extending Plaintiff's deadline, the Court also directed the Clerk of Court to mail copies of the pending (1) motion for judgment on the pleadings and associated memorandum (Docs. 29-30) and (2) motion to dismiss (Doc. 33) to Plaintiff at his new address. Doc. 35.

taking up the motions without the benefit of his position. *Id.* To date, Plaintiff still has not responded to either motion.

Plaintiff's pro se status neither excuses him from compliance with procedural rules nor shields him from the consequences of his noncompliance. *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (noting the Tenth Circuit has "repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants"). Because Plaintiff failed to respond to the motions by the deadline for doing so, and because he has not made any showing of excusable neglect, the Court considers and decides the motions without the benefit of Plaintiff's position as to the arguments raised by Defendants.[5]

### B. Failure to State a Claim

As discussed above, Plaintiff asserts a claim against Defendants pursuant to 42 U.S.C. § 1983.[6] Section 1983 operates as a procedural device through which a party may seek relief for deprivation of a constitutional right. *See* 42 U.S.C. § 1983; *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 615-20 (1979). Here, Plaintiff alleges Defendants violated his Eighth and Fourteenth Amendment rights—i.e., showed "deliberate indifference" to his serious medical needs—by refusing him a shower, antibiotics, and an MRI. Doc. 13. Defendants, in turn, move for dismissal and judgment on the pleadings under Rule 12(b)(6) and Rule 12(c), respectively. The principal argument in both motions is the same: Defendants allege that Plaintiff fails to state a

---

[5] The Court notes that this result is expressly contemplated by this District's rules, which provide that, where a party fails to respond to a dispositive motion within the allotted time for doing so, that party has waived the right to file a response except upon a showing of excusable neglect. *See* D. KAN. R. 7.4(b). Absent such a showing, "the court will consider and decide the motion as an uncontested motion" and "[o]rdinarily, the court will grant the motion without further notice." *Id.*

[6] Plaintiff does not specify whether he brings his § 1983 claim against Defendants in their individual or official capacities. Although the capacity in which Defendants have been sued is unclear, the Court's finding that Plaintiff fails to plausibly allege a violation of his constitutional rights as a result of deliberate indifference (*see infra* Part III.B) ultimately resolves this issue.

claim against them. Docs. 29, 33. For the following reasons, the Court agrees, and finds that Plaintiff has failed to plausibly allege a violation of his Eighth and Fourteenth Amendment rights as a result of deliberate indifference.[7]

The Eighth Amendment confers upon the government an obligation to provide medical care for those whom it is punishing by incarceration. *Estelle*, 429 U.S. at 103. The infliction of unnecessary suffering on a prisoner by failing to treat his medical needs "is inconsistent with contemporary standards of decency" and violates the Eighth Amendment. *Id.* at 103-04. Accordingly, prison officials are held to have violated the Eighth Amendment when they are "deliberately indifferent to the serious medical needs of prisoners in their custody." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999).

To establish an Eighth Amendment deliberate indifference claim, Plaintiff must meet two requirements—an "objective" and a "subjective" requirement. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). First, the alleged deprivation of the medical need must be, from an objective standpoint, "sufficiently serious." *Id.* Second, for the subjective component, Plaintiff must show that Defendants exhibited a "sufficiently culpable state of mind"—namely, one of "deliberate indifference" to Plaintiff's health or safety. *Id.*; *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Ultimately, "[f]or a prison official to be found liable of deliberate indifference under the Eighth Amendment, the official must know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must draw the inference." *Perkins*, 165 F.3d at 809 (internal quotations

---

[7] Although Plaintiff alleges an Eighth Amendment violation based on deliberate indifference <u>and</u> excessive force (Doc. 13 at 3), his excessive force claim is only reasonably alleged with respect to Officer Baker. And because Officer Baker is not a party to either of the pending motions (*see supra* note 1), the Court evaluates only the claim of deliberate indifference alleged against these defendants.

omitted). But "[a] negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Id.* at 811.

Here, Plaintiff has not pleaded facts sufficient to establish a constitutional violation by Defendants. First, with respect to the objective prong, Plaintiff has not established that he was deprived of a serious medical need sufficient to state his claim. In his complaint, Plaintiff alleges that, following his arrest, he was taken to the Salina Regional Hospital where he received treatment for his injuries, including an x-ray. Doc. 13 at 2. Plaintiff's complaint alleges that, once he arrived at SCJ, he was denied a shower, antibiotics, and an MRI, which resulted in an infection and disability. *Id.* at 2-3. Yet Plaintiff concedes he was allowed to shower four days after his arrest. *Id.* at 2. The allegations likewise do not establish that Defendants denied him medication. Rather, as Plaintiff alleges, when he asked for antibiotics Defendants stated simply that they had "to order" or "go get" the medication. *Id.* Plaintiff admits he received the requested antibiotics on March 13, 2019, six days after his arrest. *Id.* at 2-3.

Plaintiff ultimately appears to take issue with the <u>timing</u> of his receipt of the shower and antibiotics. But a "[p]laintiff's disagreement with the care offered does not establish that he was denied constitutionally adequate medical care." *White v. Goff*, 2011 WL 624059, at *6 (D. Kan. 2011) (granting summary judgment "[b]ecause it is plain from the record that plaintiff received ongoing medical attention"); *see also Perkins*, 165 F.3d at 811 ("[A] prisoner who merely disagrees with a . . . prescribed course of treatment does not state a constitutional violation."). And, for these same reasons, Plaintiff's disagreement with the decisions made with respect to his MRI request—i.e., Lou Miller's statements to Plaintiff that "there's nothing we can do" and to "just let [the] prison handle it" (Doc. 13 at 3)—is likewise insufficient to show a constitutional violation. The sum total of the factual allegations in the complaint establish that Defendants recognized

Plaintiff's medical needs and provided treatment. Plaintiff simply disagreed with medical staff about the course and timing of that treatment. This disagreement does not give rise to a claim for deliberate indifference to Plaintiff's serious medical needs.

Second, turning to the subjective analysis, Plaintiff has not pleaded facts showing that Defendants were deliberately indifferent to his health or safety. Here, Plaintiff's allegations regarding Defendants are exceedingly general and vague. Plaintiff's complaint simply alleges: "I was denied antibiotics and [a] shower by the following [SCJ] staff: Jamie Nutz, Sara [sic] Shaft, Lou Miller, David Wallace, Michael Sutton [and] Tina Miller." Doc. 13 at 2. The Tenth Circuit has noted that, where a plaintiff asserts § 1983 claims against multiple defendants, there is a greater likelihood of failures in notice and plausibility, and, therefore, "it is particularly important . . . that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008). Plaintiff's allegations against Defendants are not sufficiently specific to provide them with notice as to the basis of his claims against each of them.

Plaintiff does allege more specific allegations against Lou Miller—that Lou Miller denied his request for an MRI, telling him "there's nothing we can do" and to "just let [the] prison handle it," despite observing that Plaintiff had "lost feeling in [his] right thumb" (Doc. 13 at 3)—but these allegations do not plausibly establish conduct rising to the level of deliberate indifference. The Tenth Circuit has held that "[a] difference of opinion with medical staff about treatment is not actionable under the Eighth Amendment." *Toler v. Troutt*, 631 F. App'x 545, 547 (10th Cir. 2015); *see also Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992) (in case involving a dispute as to what medications were prescribed, noting that matters of medical judgment do not give rise to a § 1983 claim). Indeed, "the subjective component is not satisfied, absent an extraordinary degree

8

of neglect, where a doctor merely exercises his considered medical judgment." *Self v. Crum*, 439 F.3d 1227, 1232 (10th Cir. 2006) (emphasis added). Plaintiff simply does not plead facts sufficient to satisfy the subjective prong of his claim.

For all of these reasons, Plaintiff has not met his burden and has failed to plausibly allege a violation of his Eighth and Fourteenth Amendment rights against Defendants as a result of deliberate indifference. Because Plaintiff's complaint lacks the factual support necessary for the Court to reasonably infer that he has a plausible claim for relief against Defendants under § 1983, the Court grants the pending motions.[8]

## IV. CONCLUSION

THE COURT THEREFORE ORDERS that the Motion for Judgment on the Pleadings filed by Defendants Jamie Nutz and Lou Miller (Doc. 29) is GRANTED.

THE COURT FURTHER ORDERS that the Motion to Dismiss filed by Defendants Michael Sutton, Sarah Shaft, David Wallace, and Tina Miller (Doc. 33) is GRANTED.

IT IS SO ORDERED.

Dated: October 7, 2019 /s/ *Holly L. Teeter*
HOLLY L. TEETER
UNITED STATES DISTRICT JUDGE

---

[8] Defendants Sutton, Shaft, Wallace, and Tina Miller also raise a qualified immunity defense. Doc. 33. Once an official has raised qualified immunity, the plaintiff bears the burden to show (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the conduct at issue. *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). "Unless the plaintiff provides specific, non-conclusory allegations of fact sufficient to establish these elements, the official is entitled to qualified immunity." *Youngblood v. Qualls*, 308 F. Supp. 3d 1184, 1195 (D. Kan. 2018). Because the first prong of the qualified-immunity analysis requires a constitutional violation—and because, as discussed, Plaintiff fails to plausibly allege a violation of his Eighth and Fourteenth Amendment rights as a result of deliberate indifference—these defendants are also protected by qualified immunity.